1   Matthew C. Helland, CA State Bar No. 250451
2   NICHOLS KASTER, LLP
    One Embarcadero Center, Suite 720
3   San Francisco, CA 94111
    Telephone: (415) 277-7235
4   Facsimile: (415) 277-7238
5   helland@nka.com

6   Attorneys for Plaintiffs and the putative classes

RECEIVED
BUT NOT FILED

MAR 2 8 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 2 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  Kathy Fabela and Julie Fox, individually, on behalf of others similarly situated, and on behalf of the general public, <br><br> 14                                    Plaintiffs, <br><br> 15      v. <br><br> 16  CashCall, Inc., and DOES 1-10, <br> 17  inclusive, <br><br> 18                                    Defendants. | Case No. 8:13-cv-00109-JST-MLG <br><br> **SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** <br><br> **(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.)** <br><br> **(2) Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, 1194, and 1198, and IWC Wage Order(s))** <br><br> **(3) Waiting Time Penalties (Cal. Lab. Code §§ 201-203)** <br><br> **(4) Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226)** |

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

(5)  Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Lab. Code § 226.7)

(6)   Violation of California Business and Professions Code §§ 17200 <u>et seq.</u>

**DEMAND FOR JURY TRIAL**

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

# PRELIMINARY STATEMENT

1.     This is a class and collective action brought by Individual and Representative Plaintiffs Kathy Fabela and Julie Fox on their own behalf and on behalf of the proposed classes.  Plaintiffs and the putative class members are or were employed by Defendant CashCall, Inc., ("CashCall" or "Defendant"), and certain Doe Defendants, or their predecessors-in-interest, as mortgage underwriters or loan processors, and were denied proper compensation as required by state and federal wage and hour laws.  These employees are similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.     The FLSA Collective is made up of all persons who have been employed by Defendants as mortgage underwriters or loan processors at any time within three years prior to this action's filing date through the trial of this action (the "Collective Period"), who did not sign arbitration agreements.

3.     The California Class is made up of all persons who have been employed by Defendants as mortgage underwriters or loan processors in the State of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period"), who did not sign arbitration agreements.

4.     During the Collective Period and the Class Period, Defendants failed to pay overtime compensation to Plaintiffs and each member of the putative classes as required by federal and state law.  Plaintiffs seek relief for the California Class under California wage and hour law, and for the Collective under the FLSA, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, to provide meal and rest periods, to pay waiting penalties, and to provide accurate wage statements, in addition to injunctive relief.

# THE PARTIES

5.     Individual and representative Plaintiff Kathy Fabela is an individual

-3-

residing in Placentia, California (Orange County).   She was employed by Defendants from approximately January 2009 through November 20, 2011, although she left Defendants' employ for a short period of time during her employment.   She worked as a loan processor in Defendants' Anaheim, California (Orange County) office.

6.     Individual and representative Plaintiff Julie Fox is an individual residing in Fountain Valley, California (Orange County).   She was employed by Defendants from approximately February 2010 through October 2010 as a mortgage underwriter in Defendants' Anaheim, California (Orange County) offices.

7.     Upon information and belief, Defendant CashCall, Inc. is a California Corporation doing business in and maintaining offices throughout the state of California, including in Anaheim, California (Orange County).   Defendant CashCall is headquartered in Anaheim, California.

8.     Defendants Does 1-10, inclusive, are sued herein under fictitious names.   Their true names and capacities are unknown to Plaintiffs.   When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein.   Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.

9.     Plaintiffs are informed, and believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship.   Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

**JURISDICTION AND VENUE**

10.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq.* Plaintiffs Fabela and Fox have signed consent forms to join this lawsuit, which were previously filed with this Court. A second copy of these consent forms are attached hereto as Exhibit A. It is expected that still others will continue to file consent forms. This Court also has supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367.

11.   Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391, because Defendant CashCall operated facilities in Orange County, California and because a substantial part of the events giving rise to the claims occurred in this district. This case is properly assigned to the Southern Division of the Central District.

**FACTUAL ALLEGATIONS**

12.   During the applicable statutory period, Plaintiffs and those similarly situated worked as mortgage underwriters and/or loan processors for Defendants. Defendants, through their policies, practices, and supervisors, directed the work activity of Plaintiffs and other mortgage underwriters and loan processors. Employees of Defendants had the authority to discipline Plaintiffs and other mortgage underwriters and loan processors.

13.   Defendant CashCall's gross annual sales made or business done has been $500,000.00 or greater at all times relevant herein. Defendants operate in interstate commerce by, among other things, selling mortgage loan products in multiple states.

14.   Defendant CashCall has classified (and continues to classify) its mortgage underwriters and loan processors, including Plaintiffs and those similarly situated, as exempt from FLSA and state wage and hour protections.

15.   Defendants uniformly misrepresented to Plaintiffs and other mortgage

-5-

1   underwriters and loan processors that they were exempt employees and therefore

2   ineligible to receive overtime pay.   In reality, Plaintiffs and other mortgage

3   underwriters and loan processors are, and were, nonexempt production employees

4   who are, and were, entitled to overtime pay.   Defendants are in the business of

5   selling mortgage loans, and the work performed by Plaintiffs and other underwriters

6   and loan processors is, and was, production work directly related to mortgage sales.

7      16.   Plaintiffs and those similarly situated routinely worked in excess of

8   eight (8) hours per day and forty (40) hours per week for Defendants without

9   receiving proper overtime pay.

10      17.   Plaintiffs regularly ate lunch while they worked and worked through

11   their meal and rest periods.  Defendant CashCall purchased meals for its employees

12   – sometimes breakfast, lunch and dinner – to keep them working through meal

13   periods and rest periods.   Plaintiffs' supervisors observed Plaintiffs and other

14   mortgage underwriters and loan processors eating at their desks and working

15   through lunch.

16      18.   Defendants did not keep accurate records of the hours Plaintiffs and

17   other mortgage underwriters and loan processors worked.  Defendants did not track

18   whether Plaintiffs and other mortgage underwriters and loan processors took meal

19   or rest periods.   Because Defendants did not pay Plaintiffs and other mortgage

20   underwriters and loan processors for all hours worked, including overtime hours,

21   Defendants' wage statements did not accurately reflect all hours worked.

22      19.   Because Defendants did not pay Plaintiffs and other mortgage

23   underwriters and loan processors for all overtime hours worked, Defendants did not

24   provide Plaintiffs and other mortgage underwriters and loan processors all wages

25   owed at the time they were no longer employed by Defendants.

26      20.   Defendants are aware of wage and hour laws.  Defendant CashCall has

27   been sued multiple times for failure to pay overtime to its employees and for other

28   wage and hour violations.

21.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

22.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith.  Defendants operated under a scheme that has caused significant damages to Plaintiffs and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).   The employees similarly situated are as follows:

**FLSA Collective:** All Persons who have been employed by Defendants as mortgage underwriters or loan processors within the United States at any time starting three years prior to the filing of the initial complaint in this action until trial of this action, who did not sign arbitration agreements with Defendants.

24.     Upon information and belief, Defendants knew that Plaintiffs and the FLSA Collective performed work that required overtime pay.  Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

25.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the Collective.   There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

-7-

26.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **California Class:** All Persons who have been employed by Defendants as mortgage underwriters or loan processors in the State of California at any time starting four years prior to the filing of the initial complaint in this action until trial of this action, who did not sign arbitration agreements with Defendants.

27.     <u>Numerosity:</u>     Upon information and belief, the California Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed over forty people who satisfy the definition of the proposed California Class.

28.     <u>Typicality:</u> Plaintiffs' claims are typical of the members of the California Class. Plaintiffs are informed and believe that, like other mortgage underwriters and loan processors, they routinely worked more than forty hours per week, and more than eight hours per day, during the California Class Period. Plaintiff Fabela had the same duties and responsibilities as other loan processors, and Plaintiff Fox had the same duties and responsibilities as other mortgage underwriters. Plaintiffs and the California Class were subject to Defendants' policy and practice of improperly treating and classifying underwriters and loan processors as "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation, failing to pay waiting time penalties, failing to provide meal and rest breaks, and failing to maintain accurate records of hours worked.

29.     <u>Superiority:</u> A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to

-8-

1    vigorously prosecute separate lawsuits in federal court against large corporate
2    defendants.

3         30.    Adequacy:  Plaintiffs will fairly and adequately protect the interests of
4    the California Class, and have retained counsel experienced in complex wage and
5    hour class and collective action litigation.

6         31.    Commonality:    Common questions of law and fact exist to all
7    members of the California Class and predominate over any questions solely
8    affecting individual members of the Class, including but not limited to:

9              a. Whether Defendants improperly labeled and treated Plaintiffs and the
10                members of the California Class as exempt;

11             b. Whether Defendants unlawfully failed to pay appropriate overtime
12                compensation to Plaintiffs and the members of the California Class in
13                violation of the California Labor Code §§ 510 and 1194, California
14                Industrial Wage Order No. 4 (8 C.C.R. § 1140), and the FLSA;

15             c. Whether Defendants employed Plaintiffs and the members of the
16                California Class within the meaning of California law;

17             d. Whether Plaintiffs and the members of the California Class who are no
18                longer employed by Defendants are entitled to waiting time penalties
19                pursuant to California Labor Code § 203;

20             e. Whether Defendants' policies and practices provide and/or authorize
21                meal and rest periods;

22             f. Whether Defendants provided adequate itemized wage statements to
23                Plaintiffs and the members of the California Class pursuant to
24                California Labor Code § 226;

25             g. Whether Defendants' conduct violated the California Unfair Practices
26                Act set forth in the Business and Professions Code § 17200 et seq. by
27                violating the state and federal laws as set forth herein;

28             h. The proper measure of damages sustained by Plaintiffs; and

-9-

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

i. Whether Defendants' actions were "willful."

32.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the California Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

33.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions only affecting individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the California Class the overtime pay to which they are entitled. The damages suffered by the individual California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

34.   Plaintiffs intend to send notice to all members of the California Class to the extent required by Rule 23. The names and addresses of the members of the California Class are available from Defendants.

### FIRST CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT

### 29 U.S.C. §§ 201 et seq.

(On Behalf of Plaintiffs and the FLSA Collective)

35.   Plaintiffs and the FLSA Collective allege and incorporate by reference the allegations in the preceding paragraphs.

-10-

36.    At all relevant times, Defendants were an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants employed employees, including Plaintiffs and each member of the Collective Class.

37.    Plaintiffs Fabela and Fox consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).   As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

38.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

39.    Plaintiffs and the FLSA Collective are entitled to be paid overtime compensation for all hours worked.   By failing to compensate Plaintiffs and the FLSA Collective overtime compensation, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*

40.    By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

41.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

42.    Plaintiffs, on behalf of themselves and the FLSA Collective, seek damages in the amount of all unpaid overtime compensation owed to themselves and the Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

43.    Plaintiffs, on behalf of themselves and the FLSA Collective, seek

-11-

1  recovery of attorneys' fees and costs to be paid by Defendants, as provided by the

2  FLSA, 29 U.S.C. § 216(b).

3  ### SECOND CLAIM FOR RELIEF

4  ### CALIFORNIA STATE LABOR CODE

5  Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194

6  (On Behalf of Plaintiffs and the California Class)

7      44.   Plaintiffs and the California Class allege and incorporate by reference

8  the allegations in the preceding paragraphs.

9      45.   At all times relevant to this action, Plaintiffs and the California Class

10  were employed by Defendants within the meaning of the California Labor Code.

11      46.   By the course of conduct set forth above, Defendants violated Cal.

12  Labor Code §§ 510 and 1194.

13      47.   The California Labor Code requires employers, such as Defendants, to

14  pay overtime compensation to all non-exempt employees.

15      48.   Plaintiffs and the California Class were non-exempt employees

16  entitled to be paid proper overtime compensation for all hours worked.

17      49.   During the relevant statutory period, Plaintiffs and the California Class

18  worked in excess of eight hours in a work day and/or forty hours in a work week for

19  Defendants.

20      50.   During the relevant statutory period, Defendants failed and refused to

21  pay the Plaintiffs and the California Class proper overtime compensation for

22  overtime hours worked.

23      51.   Defendants had a policy and practice of failing and refusing to pay

24  proper overtime pay to Plaintiffs and the California Class for their hours worked.

25      52.   As a result of Defendants' failure to pay wages earned and due,

26  Defendants violated the California Labor Code.

27      53.   As a direct and proximate result of Defendants' unlawful conduct, as

28  set forth herein, Plaintiffs and the California Class have sustained damages,

-12-

1  including loss of earnings for hours of overtime worked on behalf of Defendants,

2  prejudgment interest, and attorneys' fees and costs.

3  ### THIRD CLAIM FOR RELIEF

4  ### CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE

5  Cal. Labor Code §§ 201, 202 & 203

6  (On Behalf of Plaintiffs and the California Class)

7  54.    Plaintiffs and the California Class allege and incorporate by reference

8  the allegations in the preceding paragraphs.

9  55.    California Labor Code §§ 201 and 202 require Defendants to pay

10  employees all wages due within the time specified by law. California Labor Code §

11  203 provides that if an employer willfully fails to timely pay such wages, the

12  employer must continue to pay the subject employees' wages until the back wages

13  are paid in full or an action is commenced, up to a maximum of thirty days of

14  wages.

15  56.    Plaintiffs and the California class are entitled to unpaid overtime

16  compensation, but to date have not received all such compensation.

17  57.    As a consequence of Defendants' willful conduct in not paying proper

18  compensation for all hours worked, Plaintiffs and the California Class are entitled

19  to up to thirty days' wages under Labor Code § 203, together with interest thereon,

20  and attorneys' fees and costs.

21  ### FOURTH CLAIM FOR RELIEF

22  ### CALIFORNIA WAGE STATEMENT PROVISIONS OF LABOR CODE

23  Cal. Wage Order No. 4; Cal. Labor Code § 226

24  (On Behalf of Plaintiffs and the California Class)

25  58.    Plaintiffs and the California Class allege and incorporate by reference

26  the allegations in the preceding paragraphs.

27  59.    Defendants knowingly and intentionally failed to provide timely,

28  accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiffs

-13-

1   and the California Class in accordance with Labor Code § 226(a) and the IWC

2   Wage Orders.  Such failure caused injury to Plaintiffs and the Class, by, among

3   other things, impeding them from knowing the amount of wages to which they were

4   and are entitled.

5       60.   Plaintiffs and the California Class are entitled to and do seek injunctive

6   relief requiring Defendants to comply with Labor Code 226(a) and further seek the

7   amount provided under Labor Code 226(e), including the greater of all actual

8   damages or fifty dollars for the initial pay period in which a violation occurs and

9   one hundred dollars ($100) for each violation in a subsequent pay period.

10   **FIFTH CLAIM FOR RELIEF**

11   **CALIFORNIA REST BREAK AND MEAL PERIOD PROVISIONS**

12   Cal. Wage Order No. 4; Cal. Labor Code §§ 226 *et seq.*, 512,

13   (On Behalf of Plaintiffs and the California Class)

14       61.   Plaintiffs and the California Class allege and incorporate by reference

15   the allegations in the proceeding paragraphs.

16       62.   California Labor Code section 512 prohibits an employer from

17   employing an employee for a work period of more than five hours per day without

18   providing the employee with a meal period of not less than 30 minutes, or for a

19   work period of more than 10 hours per day without providing the employee with a

20   second meal period of not less than 30 minutes.

21       63.   Section 11 of Wage Order No. 4 provides (and at all times relevant

22   hereto provided) in relevant part that:

23           No employer shall employ any person for a work period of more

24           than five (5) hours without a meal period of not less than 30

25           minutes, except that when a work period of not more than six (6)

26           hours will complete the day's work the meal period may be

27           waived by mutual consent of the employer and employee. Unless

28           the employee is relieved of all duty during a 30 minute meal

-14-

period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

64.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

-15-

65.   California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

66.   Defendants knowingly failed to provide Plaintiffs and the California Class with meal periods as required by law, and knowingly failed to authorize and permit Plaintiffs and the California Class to take rest periods as required by law. Plaintiffs and the California Class are therefore entitled to payment of the meal and rest period premiums as provided by law.

## SIXTH CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of Plaintiffs and the California Class)

67.   Plaintiffs and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

68.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

69.   Beginning at a date unknown to Plaintiffs, but at least as long ago as the year 2008, Defendants committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has injured Plaintiffs and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiffs and the California Class.

70.    Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.    Each of these violations constitutes an independent and separate violation of the UCL:

A.    Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

B.    California Labor Code §§ 510 & 1194

C.    California Labor Code §§ 226.7 & 512

71.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.    Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

72.    The harm to Plaintiffs and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendants' policies or practices and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

73.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and the California Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendants during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective Class, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA

-17-

claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.   Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.   Judgment against Defendants for violation of the overtime provisions of the FLSA;

D.   Judgment that Defendants' violations as described above were willful;

E.   An award in an amount equal to Plaintiffs' and the Collective's unpaid back wages at the applicable overtime rate;

F.   An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G.   An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H.   An award of prejudgment interest to the extent liquidated damages are not awarded;

I.   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J.   For such other and further relief, in law or equity, as this Court may deem appropriate and just.

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the California Class he represents, pray for relief as follows:

A.   Unpaid overtime wages, other due wages, injunctive relief, and unpaid meal and rest premiums pursuant to California law;

-18-

B.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.   Designation of Plaintiffs as representatives of the California Class, and counsel of record as Class Counsel;

D.   Appropriate equitable relief to remedy Defendants' violations of state law;

E.   Appropriate statutory penalties;

F.   An award of damages, liquidated damages, and restitution to be paid by Defendants according to proof;

G.   Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor §§ 1194, and California Code of Civil Procedure § 1021.5;

H.   Pre-judgment and post-judgment interest, as provided by law; and

I.   Such other equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

74.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: March 28, 2013            **NICHOLS KASTER, LLP**

By:   _Matthew C. Helland_

Matthew C. Helland

Attorneys for Plaintiffs and Others Similarly Situated

**EXHIBIT A**

TOTAL P.001

## CASHCALL, INC.
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, CashCall, Inc. to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan processor, underwriter, or other similar position, for CashCall, Inc., and did not receive proper compensation for all of my hours worked, including overtime pay.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert those claims against CashCall, Inc.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date:   1/31/13

Signature

Print Name

REDACTED

Return this form by      Nichols Kaster, PLLP, Attn: Matthew C. Helland
fax, email or mail to:    Fax: (612) 338-4878
                         Email: forms@nka.com
                         Address: 4600 IDS Center, 80 S. 8ᵗʰ Street, Minneapolis, MN 55402
                         Web: www.nka.com

MAR-06-2000   00:01   P.001/001

## CASHCALL, INC.
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, CashCall, Inc. to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week as an underwriter, or other similar position, for CashCall, Inc., and did not receive proper compensation for all of my hours worked, including overtime pay.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against CashCall, Inc.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 1/28/13

_____
Signature

_____
Print Name   JULIE FOX

---

**Information Below Will Be Redacted In Filings With The Court. Please Print or Type.**

REDACTED

Return this form by          Nichols Kaster, PLLP, Attn: Matthew C. Helland
fax, email or mail to:       Fax: (612) 338-4878
                             Email: forms@nka.com
                             Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402
                             Web: www.nka.com

REDACTED